Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Mary D. Lane (CA Bar No. 071592)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:     smaizel@pszjlaw.com
            smcfarland@pszjlaw.com
            mlane@pszjlaw.com

[Proposed] Attorneys for Debtor and Debtor in Possession
Victor Valley Community Hospital

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE VALLEY DIVISION

In re:

VICTOR VALLEY COMMUNITY HOSPITAL,

Debtor.

Case No. 6:10-39537 CB

Chapter 11

**DECLARATION OF EDWARD T. MATTHEWS IN SUPPORT OF DEBTOR'S FIRST CHAPTER 11 STATUS REPORT**

Hearing:
Date: October 19, 2010
Time: 10:00 a.m.
Place: Courtroom 303
       3420 Twelfth Street
       Riverside CA, 92501
Judge: Honorable Catherine E. Bauer

1.   I am the Chief Financial Officer of Victor Valley Community Hospital, the above-captioned debtor and debtor in possession (the "Debtor"). I am primarily responsible for the financial management of the Debtor, and in this capacity, I am generally familiar with the day-to-day operations, business and financial affairs of the Debtor.

2.   Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (albeit my own or that gathered from others within the Debtor's organization),

1

90231-002\DOCS_LA:225929.3

my review of relevant documents, or my opinion based upon my experience concerning the operations of the Debtor. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

I submit this Declaration in support Status Report of the Debtor's Chapter 11 Status Report.

**Background of the Debtor and Causes of the Bankruptcy Filing**

The Debtor, a California nonprofit public benefit corporation, operates the Victor Valley Community Hospital (the "Hospital"). The Debtor was founded in 1967 and is the only nonprofit community hospital in the California High Desert, a service area that includes the communities of Adelanto, Apple Valley, Hesperia and Victorville (the "High Desert Communities"), serving a population of over 300,000 people.

The current fiscal crisis for the Debtor is the result of the confluence of several factors. First, the Debtor provides millions of dollars per year in care to indigents, for which it is not compensated at all or is inadequately compensated. The High Desert Communities served by the Debtor are culturally and ethnically diverse. They also are economically depressed, and suffer under unemployment rates that are higher than 20%. The Debtor, therefore, serves a high volume of medically under served and indigent patients and has been designated as a Disproportionate Share Hospital ("DSH"). The percentage of the Debtor's resources expended on indigent care is increasing because the Debtor serves a depressed community and the economic condition of this community has worsened in the past few years. As the unemployment rate has risen, so has the number of uninsured patients. Over the last year, the volume of patients has not increased substantially, however, the number of Medi-Cal and self-pay patients increased by 7%. As a result of this high volume of indigent patients, millions of dollars worth of the Debtor's services were expended on charity care in 2009, and, with a worsening economy and growing unemployment, the amount in uncompensated, charity care will increase significantly in 2010.

Second, the Hospital's plant is approximately 45 years old and the maintenance costs for this plant are substantial and increasing every year. In addition to the maintenance costs, the costs of bringing and keeping the hospital plant in compliance with the various governmental regulatory requirements is also substantial.

2

Third, the primary source of the Debtor's revenues are payments for services provided to its patients from either health plans or from governmental programs such as Medicare and Medi-Cal (the California state version of the Medi-caid Program). The following are the approximate percentages of the Debtor's sources for payments for providing patient services: Medi-Cal and Medi-Cal Managed Care: 42.7%; Medicare and Medicare Managed Care: 29.1%; Managed Care Health Maintenance Organizations/Preferred Provider Organization ("HMO/PPO"), including Aetna, Blue Cross/Blue Shield, Cigna and United: 10.1%; Commercial Workers' Compensation Insurance: 8%; and County Indigent Programs: 4.6%; and Self-Pay: 5%. Thus, more than 75% of the Debtor's revenues come from governmental payors. Further, historically, the Hospital has collected only approximately 8% of the amount due from self-pay patients and given the economic circumstances, the percentage of recoveries in this category is likely to decrease. Also, Medi-Cal arbitrarily reduced its payment rate by 10% in January 2010, and Medicare payment rates will be reduced by 2.9% in October 2010. These changes have caused a decline in the Debtor's revenues without a corresponding reduction in the Debtor's obligations to provide patient care.

Fourth, California's financial crisis and the inability of its legislature to pass a budget has caused uncertainty in the timing and the amounts of the DSH Payments and a delay in the hoped for Quality Assurance Fee payments. The Debtor, as a DSH, receives payments from the California state government to help cover the extraordinary costs of serving a particularly high number of indigent patients, whether Medi-Cal and Medicare eligible or not. For fiscal year 2009-2010 the Debtor received approximately $3.8 million in DSH payments, and is still owed two payments. However, what amount of DSH monies will be forthcoming and when it will be paid is unknown, because one payment, estimated at being over $750,000, is being withheld by the State pending resolution of a lawsuit brought against it by the Federal government; the last payment is not expected until October 2011 and will be a relatively small amount. Additionally, the Debtor qualifies for a new program called the Hospital Quality Assurance Revenue Fund. Although this program still awaits approval by the federal Center For Medicare and Medicaid Services ("CMS"), a recent memo of the California Hospital Association ("CHA") lists the Debtor as being likely to receive several

90231-002\DOCS_LA:225929.3

million dollars over the expected twenty-one month life of the program. However, if and when these payments will be received is still uncertain.

Fifth, being a stand alone, small rural hospital in California is simply not an advantageous financial situation. Such hospitals, including the Hospital, suffer from a lack of economies of scale, poor payor mix, high overhead costs, less high-margin specialty service lines, and an overall lower revenue base. Thus, the Hospital, like many rural small hospitals, struggles to meet even the relatively small (1 - 3 %) profit margins that is the norm for most of the not-for-profit hospital industry.

During the relatively short period of time that current management has managed the Hospital it has made extensive efforts to deal with the financial crisis, including, but not limited to, laying off staff, changing to outsourcing for medical transcriptions, negotiating an increase in payor rates from Inland Empire Health Plan, a public entity, and attempting to re-negotiate commercial contracts, however, they lacked leverage and were not able to increase those contract rates. In any event, because 75% of the Debtor's payments come from governmental payors, even an increase in payment rates from HMOs/PPOs would not make a significant difference in the Hospital's cash flow.

The Debtor needs to generate approximately $150,000 to $200,000 per day in revenue to cover its operating costs. No appreciable cost savings are recognized by the Debtor when the patient census drops below 65 beds a day, as the fixed costs remain fairly constant. The Hospital has been generating only approximately $100,000 per day in revenue. Thus, the Debtor loses money every month it operates, and could not have paid its employees their last pay period before the bankruptcy filing absent an emergency loan and could not have paid its first postpetition paychecks absent debtor in possession financing. In light of this ongoing cash flow shortage, the Debtor was forced to file this chapter 11 case.

**Postpetition Operations**

Postpetition operations have been relatively successful. Despite some initial concerns, patients census has remained stable, and the staff (Doctors, Nurses and others) continue to perform admirably. Vendors of goods and services have asked, in some instances, for cash-on-delivery terms

4

and for deposits, but generally the Hospital's ability to obtain the goods and services it needs to operate are unchanged.

The Debtor is mindful of maintaining its prepetition standard of patient care despite operating in bankruptcy, and is monitoring its postpetition services carefully.

Additionally, a postpetition $750,000 charitable contribution from Prime Healthcare Services Foundation was used to purchase much needed equipment, including a new nuclear medicine camera, a new video tower (used for procedures like colonoscopy) and two refurbished anesthesiology machines.

**The Debtor's Assets**

The Debtor's assets include certain real property, all tangible personal property owned by the Debtor and used by the Debtor in the operation of the Hospital, receivables and other accounts payable to Debtor and other various other assets (the "Assets"). The total income for the Hospital in 2009 was approximately $242 million. On the Petition Date the Debtor had (a) approximately $2.6 million in cash in its bank accounts, (b) accounts receivables with a liquidation value of approximately $5 million, and (c) was owed approximately $1.5 million from other sources, including the State of California.

The Hospital is located at 15248 Eleventh Street, Victorville, California 92392. The facility was designed and constructed as an acute care hospital, and over the years it has been renovated and expanded to accommodate the needs of its patients and the communities it serves. The Debtor owns the main, two-story, 101 bed, hospital building and its adjacent modular office complex which houses its administrative offices. The Debtor also leases two other facilities: (a) the Women's Center and Outpatient Imaging facility, along with the Debtor's human resources department, at 15203 Eleventh Street in Victorville, and (b) the Education Center, at 15366 Eleventh Street, Suite R, in Victorville. The value of the Debtor's owned real property is estimated at approximately $9.8 million.

The Debtor owns various standard fixtures, furniture, equipment and inventory of the type and quantity expected to be in an acute care hospital licensed for 101 beds with an average daily

5

census of approximately 65. The total estimated book value of the fixtures, furniture, equipment and inventory is approximately $8 million.

**The Debtor's Significant Obligations**

In 2000, the Debtor applied to the California Health Facilities Financing Authority ("HFFA") for financial assistance in refinancing its existing Insured Hospital Revenue Bonds (Victor Valley Community Hospital) 1984 Series A, and this application was approved. As of July 31, 2010, the Debtor owed a total of approximately $2.6 million on the Bonds; with approximately $2.1 million currently held at a Bank of New York Mellon Bank as a reserve account.

In 2007 the Debtor desired to establish a revolving line of credit with Desert Community Bank, now a division of East West Bank (the "Bank") in the maximum amount of $4.9 million (the "Bank Loan"), which line of credit was authorized pursuant to a Note dated August 27, 2007 and a Loan Agreement, also dated August 27, 2007, between the Debtor and the Bank. As of July 31, 2010, the Debtor owed the Bank approximately $4.5 million on account of this obligation. This obligation is paid through an automatic withdrawal from the Hospital's general account of about $30,000 monthly; the last payment was made in August 2010.

As of February 2, 2005, Debtor entered into a Loan Agreement with Physicians Hospital Management, LLC ("PHM") that provided for a loan of $6 million, some funds of which had been previously provided and previously evidenced by other notes. The Debtor has not made a payment on this obligation in approximately 3 months and currently owes $91,822 of accrued interest on this obligation.

On or about September 1, 2010, Debtor borrowed $700,000.00 from Corwin Medical Group, Inc., IPA (the "Corwin Loan") in order to pay its September 3, 2010 payroll.

The Debtor has approximately $16.5 million in total unsecured debt, comprised of obligations to vendors of goods and services, employees, and a significant obligation to Medi-Cal (over $6 million), which is being paid off over 40 years pursuant to an agreement with Medi-Cal

**Prepetition Litigation**

**Personal Injury or Medical Malpractice Litigation.** Prior to the filing of the Chapter 11 the Debtor was involved with eleven state court actions (the "Actions") filed by patients and or

6

90231-002\DOCS_LA:225929.3

visitors to the hospital in which the Debtor was a named defendant. The Debtor's respective insurance companies with whom these claims have been filed have assigned Thomas Stephanelli as the attorney to handle the litigation of these Actions. Of the eleven Actions, three have either settled and in one Action, the Debtor has been dismissed as a defendant. The Debtor has filed Notices of Pendency with respect to the seven remaining Actions.

**CLIA Litigation.** Of particular importance is in the pending Clinical Laboratory Improvement Amendments ("CLIA") litigation. Pursuant to a July 15, 2010 decision of a US Department of Health & Human Services Departmental Appeals Board ("HHS DAB") Administrative Law Judge, the Debtor's CLIA certificate was revoked effective July 15, 2010 due to an alleged wrongful referral of proficiency testing specimens in 2007. However, pursuant to emergency orders obtained for the Debtor from the US Court of Appeals for the Ninth Circuit, including the order issued on September 15, the effective date of the revocation has been stayed indefinitely. The Debtor is in the process of appealing the July 15 decision to the appellate division of the HHS DAB, which it must do to exhaust its administrative remedies. If the appellate division upholds the revocation decision, the Debtor has a right to judicial review in the Ninth Circuit (as opposed to the district court). While the case is a difficult one, the Debtor has been advised that the facts are favorable and it believes there is a reasonable possibility of prevailing before the Ninth Circuit. The Ninth Circuit recently ordered the Debtor to participate in mediation before the Ninth Circuit Mediators to see if some kind of resolution can be achieved, which could include a resolution of the entire matter. HHS is fully aware of the pending bankruptcy and possible sale and has made the court aware of these events also. The first mediation call is scheduled for October 6, 2010 at 1:30 pm Pacific. A laboratory can not operate without a CLIA certificate. It affects state licensure and all other rights of the laboratory as well as the status of the Hospital. Indeed, a hospital can not operate without a CLIA certified lab. Thus, the pending CLIA dispute is critical to the continuing viability of the Hospital.

**Desert Vista Anesthesiology Litigation.** On May 20, 2010, the hospital sued Desert Vista Anesthesiology Group, Inc. after it failed to pay to the Hospital the amount of $682,432 advanced to Desert Vista or the total of its accounts receivable as of termination of the contract on May 14,

2010. The hospital also sued the group's sole owner on alter ego grounds. The causes of action are for breach of the two agreements involved, a services agreement and a security agreement, and a common count for money owed. The defendants are asserting a mutual mistake, alleging that the articulated agreements they entered into, drafted by Latham & Watkins, failed to include a loan forgiveness provision for Desert Vista, despite a detailed security agreement signed by the defendants that did not include any forgiveness provisions. The court declined to issue a right to attach order and writ of attachment against Desert Vista. The defendants filed a motion to compel arbitration after the bankruptcy case was commenced. The action is pending in San Bernardino Superior Court, Victorville District, Case No. CIVVS 1003249.

**Postpetition Financing**

The first day motion of particular note was the motion pertaining to debtor in possession financing ("DIP Financing"). While the Debtor had entered into a DIP Financing agreement with Prime Healthcare Services Foundation, Inc. ("Prime"), The Senior Associates Group, Inc., offered to better the proposed DIP Financing terms. As a result of this competitive bidding, the Debtor was able to increase the end date of the DIP Financing from mid-December to December 31, 2010, increase the budget amount from $3.2 million to $4.5 million, reduce the interest rate from 8% to 1%, and reduce the default interest rate addition from 2% to 1%. Then, the Debtor auctioned off (out of court) the right to provide the DIP Financing, starting with a charitable contribution in the amount of $350,000 to the Hospital to buy new and very needed equipment. Prime ended up winning the auction at $750,000, payable by cashier's check within 5 days. These funds have been paid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5 day of October, 2010 at Victorville, California

Edward T. Matthews

| In re:<br>Victor Valley Community Hospital,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 6:10-bk-39537-CB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document described **DECLARATION OF EDWARD T. MATTHEWS IN SUPPORT OF DEBTOR'S FIRST CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 5, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **October 5, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 5, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<u>By Personal Delivery (**FED EX**)</u>
Honorable Catherine Bauer
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 369
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2010 | Sophia Margetis | /s/ Sophia Margetis |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                   **F 9013-3.1**

| In re:<br>Victor Valley Community Hospital,<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER: 6:10-bk-39537-CB |
|---|---|

## I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Martin R Barash on behalf of Interested Party The Senior Associates Group, Inc.
mbarash@ktbslaw.com

Kirk A Barber on behalf of Creditor Professional Hospital Supply, Inc.
barberlawgroup@yahoo.com

Manuel A Boigues on behalf of Creditor SEIU United Healthcare Workers - West
bankruptcycourtnotices@unioncounsel.net

Sanaea Daruwalla on behalf of Interested Party Courtesy NEF
sdaruwalla@bwslaw.com

Richard K Diamond (TR) on behalf of Interested Party Courtesy NEF
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

Robert A Hessling on behalf of Interested Party Courtesy NEF
rhessling@dgdk.com

Lawrence J Hilton on behalf of Creditor Cerner Corporation
lhilton@oneil-llp.com, ssimmons@oneil-llp.com

Mark D Houle on behalf of Creditor Health Net of California, Inc.
mark.houle@pillsburylaw.com

Raffi Khatchadourian on behalf of Creditor Sysco Food Services of Los Angeles, Inc.
raffi@hemar-rousso.com

Mary D Lane on behalf of Debtor Victor Valley Community Hospital
mlane@pszjlaw.com

Samuel R Maizel on behalf of Debtor Victor Valley Community Hospital
smaizel@pszjlaw.com, smaizel@pszjlaw.com

Scotta E McFarland on behalf of Debtor Victor Valley Community Hospital
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Jane Odonnell on behalf of Creditor California Health Facilities Financing Authority
jane.odonnell@doj.ca.gov

Misty A Perry Isaacson on behalf of U.S. Trustee United States Trustee (RS)
misty.isaacson@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re:<br>Victor Valley Community Hospital,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 6:10-bk-39537-CB |
|---|---|

Courtney E Pozmantier on behalf of Interested Party The Senior Associates Group, Inc.
cpozmantier@ktbslaw.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Steven J Schwartz on behalf of Interested Party Courtesy NEF
sschwartz@dgdk.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Michael H Weiss on behalf of Interested Party Choice Medical Group
mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

**II. SERVED BY U.S. MAIL**

*See attached 2002 Service List*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    **F 9013-3.1**

**Victor Valley Community Hospital**
**Chapter 11 Case No.: 6:10-bk-39537-CB**
**2002 Service List**

**Debtor**
Victor Valley Community Hospital
Catherine M. Pelley
Chief Executive Officer
15248 Eleventh Street
Victorville, CA 92395

Board of Directors
Kathy Davis
Chair, Governing Board of Directors
17100 B Bear Valley Rd.
Box 357
Victorville, CA 92395

Charlie Slyngstad
Burke Williams and Sorenson, LLP
444 S. Flower St., Ste. 2400
Los Angeles, CA 90071

United States Trustee
Misty Isaacson
Office of the United States Trustee
3685 Main St., Ste. 300
Riverside, CA 92501

Attorneys for Creditors' Committee
Richard K. Diamond
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067

Committee Member
Medtronic USA, Inc.
MS V215
3850 Victoria Street North
Shoreview, MN 55126-2978
Representative: Steve Carlson

Committee Member
PHS Professional Hospital Supply
42500 Winchester Road
Temecula, CA 92590
Representative: Kirk Barber

Committee Member
Rodney W. Brown, J.D.
LabWest, Inc.
1821 E. Dyer Rd., Suite 100
Santa Ana, CA 92705

**Government Agencies**

Counsel for the US DHHS/CMS
Phillip Seligman, Esq.
US Department of Justice
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC 20044-0875

Wendi A. Horwitz
Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring St., Suite 1702
Los Angeles, CA 90013

Office of Statewide Health Planning and Development
Cal-Mortgage Loan Insurance Division
818 K. Street, Room 210
Sacramento, CA 95814

California Health Facilities Financing Authority
915 Capitol Mall, Suite 590
Sacramento, CA 95814

Office of Statewide Health Planning and Development –
State of California
300 Capital Mall, Suite 1500
Sacramento, CA 95814

**Secured Creditors**

Gregg Buxton, Vice President
Desert Community Bank
a Division of East West Bank
14800 La Paz Drive
Victorville, CA 92395

Corwin Medical Group
Manmohan Nayyar, MD
Raman Poola, MD
Anna Sugi
18564 Hwy 18, Suite 110
Apple Valley, CA 92307

Manmohan Nayyar, MD
Physicians Hospital Management, LLC
18523 Corwin Rd., Suite H
Apple Valley, CA 92307

Attorneys for PHM
Michael S. Weiss, Esq.
Weiss & Spees
1925 Century Park East, Suite 650
Los Angeles, CA 90067-

2701Commonwealth Land Title Company
888 West Sixth Street, 4th Floor
Los Angeles, CA 90017

BNY Western Trust Company
700 South Flower Street, Suite 500
Los Angeles, CA 90017

**Interested Parties**

Thomas L. Driscoll, Esq.
Attorney at Law
185 Berry Street, Suite 5511
San Francisco, CA 94107

Counsel to the Indenture Trustee for the HFFA Bonds
Catherine D. Meyer
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406

Attorney for Biotronicks
Paul Boyce
Greenberg, Grant & Richards
5858 Westheimer #500
Houston TX 77057

Delta One Partners, Inc.
Corporate Headquarters South
48550 North View Drive
Palm Desert, CA 92260

Attorneys for LabWest, a subsidiary of LabCorp.
Michael Benjamin Lubic
K&L Gates
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067

Law Offices of Leslie M. Lava
580 California Street, Suite 1600
San Francisco, CA 94104

Westhoff, Cone & Holmstedt
1777 Botelho Drive, Suite 370
Walnut Creek, CA 94596

Davis Wright Tremaine LLP
64 Oak Knoll Drive
San Anselmo, CA 94960

Daniel Settelmayer, Esq.
Latham & Watkins LLP
PO Box 894256
Los Angeles, CA 90189-4256

Stalking Horse Bidder
Prime Healthcare Services Foundation, Inc.
Attn: Lex Reddy
Chief Executive Officer
3300 East Guasti Road, 2nd Fl.
Ontario, CA 91761

Counsel for Prime Healthcare Services Foundation, Inc.
Lee Shulman
Mark Bradshaw
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive, Ste. 300
Foothill Ranch, CA 92610

J. Raymond Elliott
President and Chief Executive Officer
Boston Scientific
re: Guidant Corporation
One Boston Scientific Place
Natick, MA 01760-1537

Johnson & Johnson Health Care Systems Inc.
425 Hoes Lane
Piscataway, NJ 08854

Radiometer America, Inc.
810 Sharon Drive
Westlake, OH 44145

Quadramed
Attention: Penny W. Collings
QuadraMed Corporation
12110 Sunset Hills Road # 600
Reston VA 20190

Stephen M. O'Hara
President and CEO
Angelica Textile Services (R-Colton
1105 Lakewood Parkway #210
Alpharetta, GA 30004

## Requests for Special Notice

Attorneys for Professional Hospital Supply
Kirk Barber
Kirk Barber Law Group, A.P.L.C.
43426 Business Park Drive
Temecula, CA 92590

Attorneys for Creditor OSHPD and the
CA Health Facilities and Financing Authority
Jane O'Donnell
Deputy Attorney General Dept of Justice
Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Attorneys for Cerner Corporation
Lawrence J. Hilton
O'Neil LLP
19900 MacArthur Boulevard; Suite 1050
Irvine, California 92612

DARRELL W. CLARK
Stinson Morrison Hecker LLP
1150 18th Street, NW; Suite 800
Washington, DC 20036-3816

Counsel for The Senior Associates Group
Klee, Tuchin, Bogdanoff & Stern LLP
Attn: Thomas E. Patterson, Esq. and
Martin R. Barash, Esq.
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049

Counsel for The Senior Associates Group
Michael C. Kelcy, Esq.
3605 Canon Blvd.
Altadena, CA 91001

Attorneys for Health Net
Mark D. Houle, Esq.
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive, Suite 700
Costa Mesa, California 92626-7122

Attorneys for County of San Bernardino
Martha E. Romero
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, CA 90601