1  Samuel R. Maizel (CA Bar No. 189301)
2  Scotta E. McFarland (CA Bar No. 165391)
   Mary D. Lane (CA Bar No. 071592)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
4  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
5  Facsimile:  310/201-0760
   E-mail:      smaizel@pszjlaw.com
6               smcfarland@pszjlaw.com
               mlane@pszjlaw.com
7

8  [Proposed] Attorneys for Debtor and Debtor in Possession
   Victor Valley Community Hospital
9

FILED & ENTERED

OCT 15 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harris      DEPUTY CLERK

10                 **UNITED STATES BANKRUPTCY COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12                        **RIVERSIDE DIVISION**

13  In re:                              | Case No.  6:10-39537 CB

14                                       | Chapter 11

15  VICTOR VALLEY COMMUNITY             | **INTERIM ORDER GRANTING DEBTOR'S**
    HOSPITAL,                           | **EMERGENCY MOTION FOR ORDERS (A)**
16                                       | **AUTHORIZING DEBTOR TO OBTAIN**
                                        | **POSTPETITION FINANCING AND**
17                        Debtor.        | **GRANTING LIENS AND SUPERPRIORITY**
                                        | **ADMINISTRATIVE EXPENSE STATUS**
18                                       | **PURSUANT TO 11 U.S.C. §364; AND (B)**
                                        | **SCHEDULING A FINAL HEARING AND**
19                                       | **ESTABLISHING RELATED NOTICE**
                                        | **REQUIREMENTS**
20

21

22                                       | Hearing:
                                        | Date:       September 15, 2010
23                                       | Time:       11:00 A.M.

24                                       | Final Hearing:
25                                       | Date:       October 19, 2010
                                        | Time:       2:00 p.m.
26                                       | Place:      U.S. Bankruptcy Court
                                        |             3420 Twelfth Street
27                                       |             Riverside, CA 92501-3819
28                                       | Judge:      Honorable Catherine E. Bauer

*PACHULSKI STANG ZIEHL & JONES LLP*
*ATTORNEYS AT LAW*
*LOS ANGELES, CALIFORNIA*

90231-002\DOCS_LA:225221.2                                    1

This matter came before the Court on the *Emergency Motion for Orders (A) Authorizing Debtor to Obtain Post-Petition Financing and Granting Super-Priority Administrative Expense Status Pursuant to 11 U.S.C. § 364, and (B) Scheduling a Final Hearing and Establishing Related Notice Requirements* (the "DIP Financing Motion") filed by Debtor and Debtor in Possession Victor Valley Community Hospital ("Debtor"). Appearances are as reflected on the Court's record.

Having reviewed the DIP Financing Motion, the concurrently filed *Declaration of Edward T. Matthews Filed In Support Of Emergency Motions* [Docket No. 12], all matters brought to the Court's attention at the above referenced hearing (the "Interim Hearing"), after hearing arguments of counsel for and against the DIP Financing Motion and having allowed parties to bid in favor of alternative financing terms, and after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

A.      On September 13, 2010 ("Petition Date") the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101-1530 as amended (the "Bankruptcy Code") commencing this chapter 11 case (the "Case").

B.      The Debtor has retained possession of its property, and continues the operation and management of its businesses as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

C.      The Court has jurisdiction over the Case, the parties and the Debtor's property pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the Case and the DIP Financing Motion is proper under 28 U.S.C. §§ 1408 and 1409.

D.      An ongoing need exists for the Debtor to obtain financing of the type sought in the DIP Financing Motion, to continue the operation of its business as debtor in possession under chapter 11 of the Bankruptcy Code, to minimize the disruption of its operations as a "going concern," and to reassure its vendors, customers, employees and other constituents, including physicians and patients, of the Debtor's continued viability.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS  ANGELES  ·  CALIFORNIA

E.      Debtor has been unable to obtain financing in the form of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or solely in exchange for the grant of a administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code. The Debtor is unable to obtain financing other than in the form of a credit facility secured by liens in the Debtor's assets junior to existing liens on property of its estate pursuant to sections 364(c)(2) and (c)(3) of the Bankruptcy Code, and the financing offered by Prime Healthcare Services Foundation, Inc. ("DIP Lender") is on the best terms available to the Debtor at this time. Within the timeframe required to avoid immediate and irreparable harm, the Debtor can obtain financing in the amounts required only by the grant of liens as hereinafter described.

F.      The Debtor has requested that DIP Lender make available to the Debtor a revolving credit facility (the "DIP Facility") in a maximum principal amount at any time outstanding of up to Four Million Five Hundred Thousand Dollars ($4,500,000), the proceeds of which shall be used by the Debtor only to the extent that the Debtor's receipts are insufficient to pay operating expenses of the Debtor and only to the extent permitted under that certain Post-Petition Revolving Credit and Security Agreement, a copy of which is attached to this Order as **Exhibit A**.  That agreement, together with all schedules, exhibits and annexes thereto, and as at any time amended or restated, is referred to herein as the "DIP Loan Agreement."

G.      A condition to the willingness of DIP Lender to establish the DIP Facility is that, as security for the prompt payment of all DIP loans, all interest, fees, costs, expenses, including attorneys' fees, and other charges at any time payable by the Debtor under the DIP Loan Agreement, Debtor shall provide DIP Lender with:

(i)      A security interest in and lien upon, and pledge to DIP Lender of, all of Debtor's right, title and interest in and to all of its real and personal property assets (but excluding Avoidance Claims), whether now owned or hereafter acquired, including, without limitation, all of the Debtor's tangible personal property, all present and future Goods, Inventory, Equipment (including items of Equipment which are or become Fixtures), Computer Hardware and Software, now owned or hereafter acquired; all of the Debtor's intangible personal property, including, without limitation all present and future Accounts, securities, contract rights, Permits, General Intangibles,

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

1  Intellectual Property, Chattel Paper, Documents, Instruments, Deposit Accounts, Investment

2  Property, Letter-of-Credit Rights and Supporting Obligations, rights to the payment of money or

3  other forms of consideration of any kind, tax refunds and insurance proceeds (including, without

4  limitation, the proceeds of any life insurance policy), now owned or hereafter acquired, all rights and

5  interests in Distressed Hospital Funds, all rights and interests in Quality Assurance Fee funds; any

6  and all additions and accessions to any of the foregoing, and any and all replacements, products and

7  proceeds (including insurance proceeds) of any of the foregoing, and all intangible and tangible

8  personal property relating to or arising out of any of the foregoing; all of the Debtor's present and

9  future Government Contracts and rights thereunder and the related Government Accounts and

10  proceeds thereof, now or hereafter owned or acquired by the Debtor; provided, however, that DIP

11  Lender shall not have a security interest in any rights under any Government Contract of the Debtor

12  or in the related Government Account where the taking of such security interest is a violation of an

13  express prohibition contained in the Government Contract (for purposes of this limitation, the fact

14  that a Government Contract is subject to, or otherwise refers to, Title 31, § 3727 or Title 41, § 15 of

15  the United States Code shall not be deemed an express prohibition against assignment thereof) or is

16  prohibited by applicable law, unless in any case consent is otherwise validly obtained.  The

17  foregoing collectively referred to as the "Collateral."  The liens granted by this paragraph shall be

18  subordinate to any existing liens as of the entry of this Order.

19  (ii)  Subject to the Carve Out, an allowed super-priority administrative expense

20  claim (the "DIP Super-Priority Claim") with priority in the Debtor's case under sections 364(b),

21  503(b), and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and

22  unsecured claims against the Debtor and its estate, now existing or hereafter arising, of any kind or

23  nature whatsoever including, without limitation, administrative expenses of the kinds specified in,

24  arising, or ordered pursuant to sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c) (subject to

25  entry of the Final Order), 507(a), 507(b), 546(c), 546(d), 726(b), 1113, and 1114 of the Bankruptcy

26  Code, whether or not such expenses or claims may become secured by a judgment lien or other non-

27  consensual lien, levy or attachment., provided, that the DIP Super-Priority Claim shall not extend to

28  any proceeds of Avoidance Claims.

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, as follows:

1. **Disposition.**   The DIP Financing Motion is hereby granted on an interim basis to the extent and subject to the terms set forth herein, with the foregoing findings incorporated herein by reference.  Any objections to the DIP Financing Motion that have not previously been withdrawn or resolved are hereby overruled.  This Order shall be valid, binding on all parties-in-interest and fully effective immediately upon entry.

2. **Good Cause.**   The ability of the Debtor to obtain sufficient working capital and liquidity under the DIP Loan Agreement is vital to the Debtor's estate, the physicians and patients that the Debtor serves, and the Debtor's creditors, so that the Debtor can continue to operate its business in the ordinary course.  The preservation of the going concern value of the Debtor's business is critical to any successful reorganization.  The continued operation of the Debtor's hospital facility and emergency room benefits the community in which the Debtor operates, as well as the physicians and patients that the Debtor serves.  The Debtor's estate will be immediately and irreparably harmed if this Order is not promptly entered.  Accordingly, good cause has been shown for the granting of the final relief sought in the DIP Financing Motion.

3. **Good Faith.**   Based upon the record before the Court, the DIP Loan Agreement and this Order have been negotiated in good faith and at arm's-length between the Debtor and DIP Lender.  Any loans and/or other financial accommodations made to the Debtor by DIP Lender thereunder shall be deemed to have been extended by DIP Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and DIP Lender shall be entitled to all protections afforded by section 364(e) of the Bankruptcy Code.

4. **Authorization of Interim Borrowing.**   The Debtor's execution of the DIP Loan Agreement is hereby authorized.  Upon entry of this Order, the Debtor is immediately authorized to (a) obtain credit extensions pursuant to the DIP Loan Agreement and to incur any and all liabilities and obligations thereunder and to pay all interest, fees, costs, expenses (including reasonable attorneys' fees) and other obligations provided for under the DIP Loan Agreement, and (b) satisfy all conditions precedent and perform all obligations hereunder and thereunder in accordance with the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1   terms hereof and thereof.  DIP Lender shall have no obligation or responsibility to monitor the

2   Debtor's use of the DIP loans and may rely upon the Debtor's representations that the amount of

3   credit extensions requested at any time, and the use thereof, are in accordance with the requirements

4   of this Order, the DIP Loan Agreement and Bankruptcy Rule 4001(c)(2).   All reasonable fees

5   payable, expenses and/or costs reimbursable under the DIP Loan Agreement, this Order or otherwise

6   by the Debtor to DIP Lender are approved.  The Debtor is authorized and directed to pay all of the

7   foregoing, in accordance with the terms of the DIP Loan Agreement and this Order, without the

8   necessity of the Debtor or DIP Lender filing with the Court any further motion, notice or application

9   for approval or payment thereof.  Upon payment of such fees, such fees shall be deemed fully

10  earned.

11          **5.      Authority to Execute and Deliver Necessary Documents.**  The DIP Loan

12  Agreement constitutes a valid and binding obligation of the Debtor, enforceable against the Debtor

13  in accordance with its terms.  The Debtor is authorized to do and perform all acts, to make, execute

14  and deliver all instruments and documents (including, without limitation, the execution of security

15  agreements pledge agreements, mortgages, deeds of trust, financing statements and intellectual

16  property filings), and to pay all filing and recording fees, in each case as may be necessary to give

17  effect to any of the terms and conditions of the DIP Loan Agreement, to perfect the DIP Liens (as

18  hereinafter defined) and as otherwise required or contemplated by the DIP Loan Agreement.

19          **6.      Amendments.**  The Debtor and DIP Lender are authorized to implement, in

20  accordance with the terms of the DIP Loan Agreement, any amendments to and modifications of any

21  of the DIP Loan Agreement without further order of the Court, subject to the following conditions:

22  (a) the amendment or modification must not constitute a material change (as hereinafter defined) to

23  the terms of the DIP Loan Agreement, (b) copies of the amendment or modification must be served

24  upon counsel for the Committee (if any), the U.S. Trustee, and other interested parties that

25  specifically make a written request for such notice to counsel for DIP Lender, and (c) notice of the

26  amendment must be filed with the Court.  Any amendment or modification that constitutes a material

27  change must be approved by the Court (and, for purposes hereof, a "material change" shall mean a

28  change that operates to shorten the maturity of the DIP Facility, increase the aggregate amount of the

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1    commitments under the DIP Facility, increase the rate of interest other than as currently provided in

2    or contemplated by the DIP Loan Agreement, add specific Events of Default or enlarge the nature

3    and extent of default remedies available to DIP Lender following an Event of Default).  A

4    modification to or extension of the Budget that does not increase the $4.5 million aggregate amount

5    of the commitments under the DIP Facility shall not constitute a "material change" requiring Court

6    approval.

7        **7.**      **Reimbursement of Expenses.**  All reasonable costs and expenses incurred by DIP

8    Lender in connection with the negotiation and drafting the DIP Loan Agreement or any amendments

9    or modifications thereto, the preservation, perfection, protection and enforcement of DIP Lender's

10    rights hereunder or under the DIP Loan Agreement, including, without limitation, all filing and

11    recording fees or taxes and fees and expenses of attorneys, accountants, appraisers and other

12    professionals incurred by DIP Lender in connection with any of the foregoing, whether any of the

13    foregoing were incurred prior to or after the Petition Date, shall be paid by the Debtor in accordance

14    with the terms of the DIP Loan Agreement and this Order.  No reasonable costs, fees or expenses of

15    the DIP Lender's professionals shall be subject to Court approval or U.S. Trustee guidelines, and no

16    recipient of any payment thereof shall be required to file with respect thereto any interim or final fee

17    application with the Court.

18        **8.**      **DIP Liens.**  All credit extensions, together with all interest, fees, expenses (including

19    attorneys' fees) and other charges, at any time or times payable by the Debtor to DIP Lender in

20    connection therewith or otherwise pursuant to the DIP Loan Agreement (collectively, "Obligations,)

21    shall be, and hereby are, secured by security interests and liens in favor of DIP Lender with respect

22    to all of the Collateral, as set forth in Section H above.  Pursuant to section 364(c)(3) of the

23    Bankruptcy Code, DIP Lender shall have perfected security interests in and liens upon all Collateral

24    as defined above, subordinate to all existing security interests as of the Petition Date.  All of the

25    security interests and liens referred to above, together with those granted and conveyed pursuant to

26    the DIP Loan Agreement, are referred to herein as, the "DIP Liens."

27

28

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS  ANGELES ,  CALIFORNIA

**9.**    **Super Priority Claim.**

(a)    Subject to the Carve Out, DIP Lender shall be deemed to have the allowed administrative expense Super-Priority Claim pursuant to section 364(c) of the Bankruptcy Code having priority over all other administrative expenses in the Case of the kind specified in or arising or ordered pursuant to sections 105(a), 326, 328, 330, 331, 503(a), 503(b), 506(c) (upon entry of final order with respect to the DIP Financing Motion), 507(a), 507(b), 546(c), 726 or 1114 of the Bankruptcy Code, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, attachment or otherwise, provided, that the DIP Super-Priority Claim shall not extend to any proceeds of Avoidance Claims.

(b)    No lien or security interest granted to DIP Lender hereunder, including the DIP Liens, shall (i) be subject to any postpetition lien or security interest that is (A) avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code, or (B) subject to subordination under section 510 of the Bankruptcy Code, or (ii) hereafter be subordinated to or made *pari passu* with any other lien or security interest under section 364(d) of the Bankruptcy Code.

(c)    The DIP Liens and the Super-priority Claim and other rights and remedies granted to DIP Lender under this Order shall continue in this case notwithstanding any conversion thereof, and such liens and security interests shall maintain their priority as provided in this Order until the DIP Lender has been indefeasibly satisfied in full in cash and the commitment is terminated in accordance with the terms of the DIP Loan Agreement.

**10.**    **No Surcharge.**    Subject to entry of a final order, in no event shall any costs or expenses of administration be imposed upon DIP Lender or any of the Collateral pursuant to sections 506(c), 105(a), or otherwise of the Bankruptcy Code, without the prior written consent of DIP Lender, and no such consent shall be implied from any action, inaction or acquiescence by DIP Lender. DIP Lender shall not be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral.

**11.**    **Repayment.**    The Debtor may pay the outstanding balance of the DIP Facility and thereafter terminate the DIP Facility at any time before the Maturity Date as defined in the Loan Agreement and for any reason in its discretion.

**12.    Preservation of Rights Granted Under This Order.**

(a)    During this Case, or in any successor case, there shall not be entered any order that authorizes the obtaining of credit or the incurrence of indebtedness by the Debtor (or any trustee or examiner) that is (i) secured by a security, mortgage or collateral interest or lien on all or any part of the Collateral, that is equal or senior to the DIP Liens, or (ii) entitled to priority administrative status that is equal or senior to the Super-priority Claim granted to DIP Lender herein.

(b)    If the Case is dismissed, converted or substantively consolidated, then neither the entry of this Order nor the dismissal, conversion or substantive consolidation of any such Case shall affect the rights of DIP Lender under the DIP Loan Agreement or this Order, and all of the respective rights and remedies thereunder of DIP Lender shall remain in full force and effect as if this Case had been dismissed, converted, or substantively consolidated.  The Debtor shall not seek, and it shall constitute an Event of Default if the Debtor seeks, or if there is entered, any order dismissing this Case.  If an order dismissing this Case is at any time entered then such order shall provide that the liens and security interests granted to DIP Lender hereunder and in the DIP Loan Agreement, as the case may be, shall continue in full force and effect, shall remain binding on all parties-in-interest and shall maintain their priorities as provided in this Order.

(c)    The provisions of this Order, and any actions taken pursuant hereto, shall survive the entry of any order confirming any plan of reorganization for the Debtor or converting the Case to chapter 7.  This Court shall not enter a confirmation order or dismissal order that shall alter the terms of repayment from those set forth in the DIP Loan Agreement and this Order, unless otherwise agreed to in writing by the DIP Lender.

(d)    The Post-Petition Debt shall not be discharged by the entry of any order confirming a plan of reorganization in the Case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived such discharge.

**13.    Automatic Perfection of Liens.**

(a)    The DIP Liens shall be deemed valid, binding, enforceable and perfected upon entry of this Order.  DIP Lender shall not be required to file any UCC-1 financing statements  notices of lien or any similar document or take any other action (including possession of any of the Collateral

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS  ANGELES , CALIFORNIA

in order to perfect any of the DIP Liens.  If DIP Lender chooses, in its discretion, to file any such UCC-1 financing statements, or take any other action to perfect any part of the DIP Liens, the Debtor and its officers shall cooperate by executing any documents or instruments that DIP Lender shall reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.  DIP Lender may, in its sole discretion, file a certified copy of this Order in any filing office in each jurisdiction in which the Debtor is organized or has or maintains any Collateral or an office, and each filing office is directed to accept such certified copy of either or both of such Order for filing and recording without the imposition of any stamp, intangibles, recording or similar tax in accordance with the provisions of Bankruptcy Code section 1146.

(b)    To the extent permitted by applicable law, upon entry of this Order, pursuant to sections 363(b)(1) and 364(c)(2) of the Bankruptcy Code, any provisions in any of the leases of nonresidential real property under which the Debtor is a lessee (each, a "Lease" and collectively, the "Leases") and any provisions in any of the license agreements under which the Debtor is a licensee, that require the consent or approval of one or more of the Debtor's landlords or licensors, as the case may be, in order for the Debtor to pledge or mortgage its interest in such Lease or other agreement, are and shall be deemed inconsistent with the provisions of the Bankruptcy Code and are and shall have no force and effect with respect to the transactions granting liens, security interests and mortgages by the Debtor in accordance with the DIP Loan Agreement.

**14.    Modification of Automatic Stay.**    The automatic stay provisions of section 362 of the Bankruptcy Code, to the extent applicable, are hereby lifted, vacated, modified and/or terminated as to DIP Lender to the extent necessary to implement the provisions of this Order and the DIP Loan Agreement.

**15.    Subsequent Reversal or Modification.**  Notwithstanding any reversal, stay, modification or vacatur of this Order, any post-petition indebtedness, obligation or liability incurred by the Debtor to DIP Lender under the DIP Loan Agreement prior to the effective date of such action shall be governed in all respects by the original provisions of this Order, and DIP Lender shall

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS  ANGELES  ,  CALIFORNIA

1    be entitled to all of the rights, remedies, privileges, benefits and priorities granted herein and

2    pursuant to the DIP Loan Agreement, with respect to any such indebtedness, obligation or liability.

3    **16.    Successors and Assigns.**  The provisions of this Order shall be binding upon all

4    parties-in-interest in this Chapter 11 Case, including, without limitation, DIP Lender, the Debtor and

5    their respective successors and assigns and shall inure to the benefit of DIP Lender, the Debtor and

6    their respective successors and assigns, including, without limitation, any trustee, examiner,

7    responsible officer, estate administrator or representative, or similar person appointed in a case for

8    the Debtor under any chapter of the Bankruptcy Code or in any successor proceeding, whether under

9    the Bankruptcy Code or otherwise.  In no event shall DIP Lender have any obligation to make credit

10    extensions to any trustee appointed for the estate.

11    **17.    Priority of Terms.**    To the extent of any conflict between or among the express

12    terms or provisions of the DIP Loan Agreement, the DIP Financing Motion, any order of this Court,

13    or any other agreements, the terms and provisions of this Order shall govern and control.

14    **18.    Entry of Order.**  This Order shall take effect immediately upon execution hereof,

15    notwithstanding the possible application of Bankruptcy Rules 4001(a)(3), 6004(g), 7062. 9014, or

16    otherwise, and the Clerk of the Court is hereby directed to enter this Order on the Court's docket in

17    this Case.

18    **19.    Carve-Out.**

19    (a)    Notwithstanding anything to the contrary contained in this Order or the DIP Loan

20    Agreement, the DIP Liens and the Super priority Claim, shall be subject and subordinate to the

21    payment of expenses of up to $25,000 per week in the aggregate for all Professionals whose

22    employment is approved by the Court, fees required to be paid to the Clerk of the Court, and

23    quarterly fees required to be paid pursuant to 28 U.S.C. § 1930(a)(6) (the amounts described are

24    collectively referred to herein as, the "Carve-Out"); provided however, that no proceeds of DIP

25    Facility and no Collateral may be used to pay Professional Fees and Expenses of any Professional

26    Person or any other costs incurred in connection with (1) commencing or continuing any claims,

27    causes of actions or contested matters against DIP Lender, including discovery proceedings

28    subsequent to the commencement of any such claims, causes of action or contested matters; or (2)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES , CALIFORNIA

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

any other purpose prohibited by this Order or the DIP Loan Agreement.  The Carve-Out period shall run from the Petition Date to the soonest to occur of: (i) the Maturity Date (as defined in the DIP Loan Agreement), and (ii), any violation of this Order.

(b)    If the Case is converted to a case under chapter 7 or a chapter 11 trustee is appointed in this Case, any portion of the Carve-Out that is unused as of the applicable date shall be available to pay the fees and expenses of the trustee and any professionals employed by the trustee, but the total amount of the Carve-Out shall not be increased without DIP Lender's prior written consent and the Carve-Out is subject to the same restrictions on use set forth herein.

**20.    Charitable Contribution.**  The DIP Lender shall make a charitable contribution in the amount of $750,000 to the Debtor within five days of entry of this Order.  The charitable contribution funds may only be used for purposes of purchasing equipment required for the Debtor's operations.  In addition, DIP Lender shall make a charitable contribution of $25,000 per month during the pendency of the DIP Facility to support patient care at Debtor's business.

**21.    Final Hearing.**  The Debtor is authorized to obtain financing pursuant to this Order through **October 21, 2010**.  The hearing to consider the entry of a Final Order authorizing and approving the Debtor's financing pursuant to this Order is hereby scheduled for **October 19, 2010 at 2:00 p.m**.  All objections to the entry of such Final Order authorizing the Debtor's financing pursuant to this Order shall be filed and received no later than **October 5, 2010**, by counsel to the Debtor, the twenty largest unsecured creditors, any statutorily-appointed committee and the Office of the United States Trustee (collectively, the "Notice Parties").  Any reply by the Debtor shall be filed and served no later than **October 12, 2010** on the objecting party and the Notice Parties.

###

DATED: October 15, 2010

_____
United States Bankruptcy Judge

# EXHIBIT A

90231-002\DOCS_LA:225221.2

**Exhibit A to this Order is too voluminous to be uploaded via LOU**

**and was filed as Docket entry number 57.**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd, Ste 1100, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as **[PROPOSED] INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDERS (A) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING AND GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §364; AND (B) SCHEDULING A FINAL HEARING AND ESTABLISHING RELATED NOTICE REQUIREMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *October 14, 2010,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**By Personal Delivery**
Honorable Catherine Bauer
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 369
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 14, 2010 | Megan J Wilson | /s/ Megan J Wilson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                         **F 9013-3.1.PROOF.SERVICE**
90231-002\DOCS_LA:225221.2

**II. <u>SERVED BY U.S. MAIL</u>**

<u>United States Trustee</u>
Misty Isaacson
Office of the United States Trustee
3685 Main St., Ste. 300
Riverside, CA 92501

<u>Attorneys for Official Committee of Creditors Holding Unsecured Claims</u>
Richard K. Diamond
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067

<u>Counsel for The Senior Associates Group</u>
Klee, Tuchin, Bogdanoff & Stern LLP
Attn: Thomas E. Patterson, Esq. and
Martin R. Barash, Esq.
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

<u>Counsel for Prime Healthcare Services Foundation, Inc.</u>
Lee Shulman
Mark Bradshaw
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive, Ste. 300
Foothill Ranch, CA 92610

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                              **F 9013-3.1.PROOF.SERVICE**
90231-002\DOCS_LA:225221.2

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)**  **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)**  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDERS (A) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING AND GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §364; AND (B) SCHEDULING A FINAL HEARING AND ESTABLISHING RELATED NOTICE REQUIREMENTS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **_October 14, 2010_**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Megan J Wilson
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd, 11th Floor
Los Angeles, CA 90067

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9021-1.1.NOTICE.ENTERED.ORDER**

## I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Martin R Barash     mbarash@ktbslaw.com
- Kirk A Barber     barberlawgroup@yahoo.com
- Manuel A Boigues     bankruptcycourtnotices@unioncounsel.net
- Jeff Cohen     JC@SouthpawAsset.com
- Sanaea Daruwalla     sdaruwalla@bwslaw.com
- Richard K Diamond (TR)     jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
- Robert A Hessling     rhessling@dgdk.com
- Lawrence J Hilton     lhilton@oneil-llp.com, ssimmons@oneil-llp.com
- Mark D Houle     mark.houle@pillsburylaw.com
- Raffi Khatchadourian     raffi@hemar-rousso.com
- Mary D Lane     mlane@pszjlaw.com
- Samuel R Maizel     smaizel@pszjlaw.com, smaizel@pszjlaw.com
- Scotta E McFarland     smcfarland@pszjlaw.com, smcfarland@pszjlaw.com
- Jane Odonnell     jane.odonnell@doj.ca.gov
- Misty A Perry Isaacson     misty.isaacson@usdoj.gov
- Courtney E Pozmantier     cpozmantier@ktbslaw.com
- Martha E Romero     Romero@mromerolawfirm.com
- Steven J Schwartz     sschwartz@dgdk.com
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
- Michael H Weiss     mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com
- Andrew F Whatnall     awhatnall@daca4.com

## III. TO BE SERVED BY THE LODGING PARTY

**Victor Valley Community Hospital**
**Chapter 11 Case No.:  6:10-bk-39537-CB**
**2002 Service List**

**Debtor**
Victor Valley Community Hospital
Catherine M. Pelley
Chief Executive Officer
15248 Eleventh Street
Victorville, CA  92395

Board of Directors
Kathy Davis
Chair, Governing Board of Directors
17100 B Bear Valley Rd.
Box 357
Victorville, CA  92395

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Charlie Slyngstad
Burke Williams and Sorenson, LLP
444 S. Flower St., Ste. 2400
Los Angeles, CA  90071

United States Trustee
Misty Isaacson
Office of the United States Trustee
3685 Main St., Ste. 300
Riverside, CA  92501

Attorneys for Creditors' Committee
Richard K. Diamond
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067

Committee Member
Medtronic USA, Inc.
MS V215
3850 Victoria Street North
Shoreview, MN  55126-2978
Representative: Steve Carlson

Committee Member
PHS Professional Hospital Supply
42500 Winchester Road
Temecula, CA 92590
Representative: Kirk Barber

Committee Member
Rodney W. Brown, J.D.
LabWest, Inc.
1821 E. Dyer Rd., Suite 100
Santa Ana, CA 92705

**Government Agencies**

Counsel for the US DHHS/CMS
Phillip Seligman, Esq.
US Department of Justice
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC  20044-0875

Wendi A. Horwitz
Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring St., Suite 1702
Los Angeles, CA 90013

Office of Statewide Health Planning and Development
Cal-Mortgage Loan Insurance Division
818 K. Street, Room 210
Sacramento, CA  95814

California Health Facilities Financing Authority
915 Capitol Mall, Suite 590
Sacramento, CA  95814

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Office of Statewide Health Planning and Development –
State of California
300 Capital Mall, Suite 1500
Sacramento, CA  95814

**Secured Creditors**

Gregg Buxton, Vice President
Desert Community Bank
a Division of East West Bank
14800 La Paz Drive
Victorville, CA  92395

Corwin Medical Group
Manmohan Nayyar, MD
Raman Poola, MD
Anna Sugi
18564 Hwy 18, Suite 110
Apple Valley, CA  92307

Manmohan Nayyar, MD
Physicians Hospital Management, LLC
18523 Corwin Rd., Suite H
Apple Valley, CA  92307

Attorneys for PHM
Michael S. Weiss, Esq.
Weiss & Spees
1925 Century Park East, Suite 650
Los Angeles, CA 90067-

2701 Commonwealth Land Title Company
888 West Sixth Street, 4th Floor
Los Angeles, CA  90017

BNY Western Trust Company
700 South Flower Street, Suite 500
Los Angeles, CA  90017

Counsel to the Indenture Trustee for the HFFA Bonds
Catherine D. Meyer
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

**Interested Parties**

Thomas L. Driscoll, Esq.
Attorney at Law
185 Berry Street, Suite 5511
San Francisco, CA  94107

Attorney for Biotronicks
Paul Boyce
Greenberg, Grant & Richards
5858 Westheimer #500
Houston TX  77057

Delta One Partners, Inc.
Corporate Headquarters South
48550 North View Drive
Palm Desert, CA  92260

Attorneys for LabWest, a subsidiary of LabCorp.
Michael Benjamin Lubic
K&L Gates
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California  90067

Law Offices of Leslie M. Lava
580 California Street, Suite 1600
San Francisco, CA  94104

Westhoff, Cone & Holmstedt
1777 Botelho Drive, Suite 370
Walnut Creek, CA  94596

Davis Wright Tremaine LLP
64 Oak Knoll Drive
San Anselmo, CA  94960

Daniel Settelmayer, Esq.
Latham & Watkins LLP
PO Box 894256
Los Angeles, CA  90189-4256

Stacking Horse Bidder
Prime Healthcare Services Foundation, Inc.
Attn: Lex Reddy
Chief Executive Officer
3300 East Guasti Road, 2nd Fl.
Ontario, CA  91761

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Counsel for Prime Healthcare Services Foundation, Inc.
Lee Shulman
Mark Bradshaw
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive, Ste. 300
Foothill Ranch, CA  92610

J. Raymond Elliott
President and Chief Executive Officer
Boston Scientific
re: Guidant Corporation
One Boston Scientific Place
Natick, MA 01760-1537

Johnson & Johnson Health Care Systems Inc.
425 Hoes Lane
Piscataway, NJ 08854

Radiometer America, Inc.
810 Sharon Drive
Westlake, OH 44145

Quadramed
Attention:  Penny W. Collings
QuadraMed Corporation
12110 Sunset Hills Road # 600
Reston VA 20190

Stephen M. O'Hara
President and CEO
Angelica Textile Services (R-Colton
1105 Lakewood Parkway #210
Alpharetta, GA  30004

**Requests for Special Notice**

Attorneys for Professional Hospital Supply
Kirk Barber
Kirk Barber Law Group, A.P.L.C.
43426 Business Park Drive
Temecula, CA 92590

Attorneys for Creditor OSHPD and the
CA Health Facilities and Financing Authority
Jane O'Donnell
Deputy Attorney General Dept of Justice
Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Attorneys for Cerner Corporation
Lawrence J. Hilton
O'Neil LLP
19900 MacArthur Boulevard; Suite 1050
Irvine, California 92612

DARRELL W. CLARK
Stinson Morrison Hecker LLP
1150 18th Street, NW; Suite 800
Washington, DC 20036-3816

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**

Counsel for The Senior Associates Group
Klee, Tuchin, Bogdanoff & Stern LLP
Attn: Thomas E. Patterson, Esq. and
Martin R. Barash, Esq.
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049

Counsel for The Senior Associates Group
Michael C. Kelcy, Esq.
3605 Canon Blvd.
Altadena, CA 91001

Attorneys for Health Net
Mark D. Houle, Esq.
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive, Suite 700
Costa Mesa, California 92626-7122

Attorneys for County of San Bernardino
Martha E. Romero
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, CA  90601

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

90231-002\DOCS_LA:225221.2

**F 9021-1.1.NOTICE.ENTERED.ORDER**