Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Mary D. Lane (CA Bar No. 071592)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:    smaizel@pszjlaw.com
    mlane@pszjlaw.com

Attorneys for Debtor and Debtor in Possession Victor Valley Community Hospital

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>VICTOR VALLEY COMMUNITY HOSPITAL, a California corporation,<br><br>Debtor | Case No.: 6:10-bk-39537-CB<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND DEBTOR'S MOTION FOR ORDER EXTENDING THE EFFECTIVE DATE OF THE CONFIRMED SECOND AMENDED LIQUIDATING PLAN OF REORGANIZATION FOR VICTOR VALLEY COMMUNITY HOSPITAL (MAY 10, 2011), AS MODIFIED (ON MAY 26, 2011); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF EDWARD T. MATTHEWS IN SUPPORT HEREOF**<br><br>[No Hearing Required Per Local Bankruptcy Rule 9013-1(o)(1)]<br><br>Judge: Honorable Catherine E. Bauer |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE LIMITED SERVICE LIST, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE,**

DOCS_LA:241693.2 90231-002

1 AND PARTIES REQUESTING SPECIAL NOTICE:

2 **PLEASE TAKE NOTICE** that Victor Valley Community Hospital, the above-captioned debtor and debtor in possession (the "Debtor"), through its undersigned counsel, hereby moves for a an extension of the last date by which the Debtor can establish the Effective Date (as that term is described in the *Second Amended Liquidating Plan of Reorganization for Victor Valley Community Hospital (May 10, 2011), as Modified (on May 26, 2011)* (the "Plan") [Docket No. 1325]. The Motion seeks an order extending the required Effective Date approximately sixty (60) days after the current Effective Date established by the Debtor's Plan entered by this Court on June 10, 2011.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Edward Matthews in support hereof, and the files and the record in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f)(1) requires that any response to this Motion be filed with the Court and served upon counsel for the Debtors at the address set forth in the upper left-hand corner of the first page hereof at least fourteen (14) days prior to the hearing date. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an Order (i) granting the Motion, (ii) extending the Effective Date of the Plan to and including November 7, 2011, subject to the Debtor seeking further extensions, and (iii) granting such other and further relief as it deems necessary and appropriate.

Dated: July 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Scotta E. McFarland*
Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Mary D. Lane (CA Bar No. 071592)
Attorneys for Debtor and Debtor in Possession, Victor Valley Community Hospital

DOCS_LA:241693.2 90231-002

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On May 12, 2011, the Court considered confirmation of the *Second Amended Liquidating Plan of Reorganization for Victor Valley Community Hospital (May 10, 2011), as Modified (on May 26, 2011)* [Docket No. 1325] (the "Plan") (the "Confirmation Hearing"). The Confirmation Order was entered on June 10, 2011. The Effective Date of the Plan was conditioned upon the satisfaction of numerous conditions, but in no event shall the Effective Day be later than ninety (90) calendar days following entry of the Confirmation Order, unless the Plan is modified pursuant to Order of the Court extending such date for good cause shown. As such, the deadline for the Effective Date to occur is September 8, 2011 (the "Effective Date Deadline").[1]

The cornerstone of the Plan was the Debtor's sale of substantially all of the Debtor's Assets to Victor Valley Hospital Acquisition, Inc. and its related entities (collectively, "VVHA"). While Prime Healthcare Services Foundation, Inc. ("Prime"), was the stalking horse bidder for the November 5, 2010 auction of the Debtor's Assets, the Debtor selected VVHA as the successful bidder and Prime as the Back-up Bidder. Pursuant to the Asset Sale Agreement between the parties, that sale was supposed to close on or about May 31, 2011. The sale required the approval of the Office of the Attorney General for the State of California (the "AG"), which was granted but was conditioned upon the sale closing no later than June 1, 2011. However, after the Confirmation Hearing VVHA declined to close their acquisition of the Debtor's Assets. The Debtor then proceeded to take all necessary actions to close the sale of the Assets to VVHA. After the condition to closing the sale had been satisfied, VVHA still declined to close. The Debtor continued to negotiate with VVHA in an effort to get it to close the sale. When the Debtor concluded that further discussions with VVHA were fruitless it approached Prime regarding its continued interest in purchasing the Hospital and closing the sale on the basis of the back-up bid. As a result, the Debtor and Prime entered into an Asset Purchase Agreement (the "ASA") with Prime. The purchase price

---

[1] All defined terms not otherwise defined herein shall have the same meaning as those ascribed to them in the *Motion for Entry of an Order Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests and Granting Related Relief [Docket No. 1506]*.

under the ASA is $35 million, as was the back-up bid. The anticipated closing of the sale is August 31, 2011 (the "Closing Date").

At a hearing on July 12, 2011, the Bankruptcy Court approved a sale of the Debtor's Assets to Prime. The AG is holding a public hearing on the sale on August 17, 2011, and should be able to provide its approval in time to allow the sale to close by the Closing Date. As a result of the sale to Prime rather than VVHA, the Debtor will need to modify the Plan. However, until the sale closes, it is unclear if such modification will have any material adverse affect on any creditor of the estate and, if not, the Plan can then be modified and as necessary, go effective pursuant to the conditions outlined in the Plan.

In light of the fact that the sale of the Hospital did not close by the May 31, 2011 deadline it delayed the ability of the Debtor to satisfy the conditions under the Plan for the Effective Date to occur. Moreover because the Closing Date is only days before the Effective Date Deadline and so as not to jeopardize implementation of the Plan, the Debtor seeks an extension of the Effective Date Deadline to November 7, 2011, which is 60 days after the current Effective Date Deadline.

## II.

## STATEMENT OF FACTS

### A. The Bankruptcy Case, Jurisdiction and Venue

On September 13, 2010, the Debtor, filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code (the "Case"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this matter is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Description of the Debtor

The Debtor, a California nonprofit public benefit corporation, operates the Victor Valley Community Hospital (the "Hospital"). The Debtor was founded in 1967 and is the only non-profit community hospital in the California High Desert, a service area that includes the communities of Adelanto, Apple Valley, Hesperia and Victorville, serving a population of over 300,000 people. The High Desert communities served by the Debtor are culturally and ethnically diverse. They also are

economically depressed, and suffer under unemployment rates that are higher than 20%. The Debtor, therefore, serves a high volume of medically under-served and indigent patients and has been designated as a Disproportionate Share Hospital. As a result of this high volume of indigent patients, millions of dollars worth of the Debtor's services were expended on charity care in 2009 and 2010, and, with a worsening economy and growing unemployment, the amount in uncompensated, charity care may increase significantly in 2011.

### C.   The Sale of the Debtor's Assets

As stated above, on July 12, 2011 the Bankruptcy Court approved a sale of the Debtor's Assets to Prime, the back-up bidder for $35 million. The anticipated Closing Date of the sale is August 31, 2011. In light of the sale to Prime rather than VVHA, the Debtor will need to modify the Plan. Moreover, the failure of the sale of the Hospital to close by May 31, 2011 deadline delayed the ability of the Debtor to satisfy the conditions under the Plan for the Effective Date to occur. Further, because the Closing Date is only days before the Effective Date Deadline and so as not to jeopardize implementation of the Plan as contemplated by the Debtor, the Debtor seeks an extension of the Effective Date Deadline.

### D.   The Requested Extension of the Effective Date Deadline

In order to give the Debtor the opportunity to consummate a sale of the Debtor's Assets and satisfy all the conditions for the Effective Date to occur prior to the Effective Date Deadline, the Debtor is requesting an additional sixty (60) day extension of the Effective Date Deadline from September 8, 2011 to and including November 7 2011. This requested extension is without prejudice to the right of the Debtor to seek a further extension if such is deemed appropriate.

## III.

## ARGUMENT

### A.   The Effective Date Should be Extended To Accommodate the Closing of the Sale

Based upon the foregoing, the Debtor submits that cause exists to grant the Motion. Accordingly, the Debtor seeks entry of an order extending the Effective Date Deadline for an additional sixty (60) days, through and including November 7, 2011. The Debtor believes that the

requested extension will provide it with the necessary time to close the sale and commence satisfying the conditions under the Plan for the Effective Date to occur. The Debtor, however, requests that the entry of such order be without prejudice to its right to seek further extensions of the time within which to object to claims.

## IV.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court enter an order (i) extending the Effective Date Deadline through and including November 7, 2011, subject to the right of the Debtor to seek further extensions, and (ii) granting such other and further relief as it deems necessary and appropriate.

Dated: July 26, 2011

PACHULSKI STANG ZIEHL & JONES LLP

By  /s/ Scotta E. McFarland
Samuel R. Maizel (CA Bar No. 189301)
Scotta E. McFarland (CA Bar No. 165391)
Mary D. Lane (CA Bar No. 071592)
Attorneys for Debtor and Debtor in Possession, Victor Valley Community Hospital

DOCS_LA:241693.2 90231-002

6

## DECLARATION OF EDWARD T. MATTHEWS

I, Edward T. Matthews, declare as follows:

1.  I am over the age of eighteen (18) years. I am the Chief Financial Officer of Victor Valley Community Hospital, the above-captioned debtor and debtor in possession (the "Debtor"). I am primarily responsible for the financial management of the Debtor and, in this capacity, I am generally familiar with the day-to-day operations, business and financial affairs of the Debtor, including, but not limited to, the claims that have been scheduled and filed against the Debtor, the Debtor's books and records, and the objections that have been and will shortly be raised to certain of the claims filed against the Debtor. I make this Declaration in support of the *Motion to Extend the Effective Date of the Confirmed Second Amended Liquidating Plan of Reorganization for Victor Valley Community Hospital (May 10, 2011), as Modified (on May 26, 2011)* (the "Plan"). Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2.  Unless otherwise indicated, all statements set forth in this Declaration are based on my personal knowledge, my review of relevant documents including documents in the Debtor's files, and other information prepared, collected or provided by the Debtor or their professionals or upon inquiry from those working at my direction. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents or information, or opinion.

3.  On May 12, 2011, the Court considered confirmation of the *Second Amended Liquidating Plan of Reorganization for Victor Valley Community Hospital (May 10, 2011), as Modified (on May 26, 2011)* [Docket No. 1325] (the "Plan") (the "Confirmation Hearing"). The Confirmation Order was entered on June 10, 2011. The Effective Date of the Plan was conditioned upon the satisfaction of numerous conditions, but in no event shall the Effective Day be later than ninety (90) calendar days following entry of the Confirmation Order, unless the Plan is modified pursuant to Order of the Court extending such date for good cause shown. As such, the latest deadline for the Effective Date to occur is September 8, 2011 (the "Effective Date Deadline").

4. The cornerstone of the Plan was the Debtor's sale of substantially all of the Debtor's Assets to Victor Valley Hospital Acquisition, Inc. and its related entities (collectively, "VVHA"). While Prime Healthcare Services Foundation, Inc. ("Prime"), was the stalking horse bidder for the November 5, 2010 auction of the Debtor's Assets, the Debtor selected VVHA as the successful bidder and Prime as the Back-up Bidder. Pursuant to the Asset Sale Agreement between the parties, that sale was supposed to close on or about May 31, 2011. The sale required the approval of the Office of the Attorney General for the State of California (the "AG"), which was granted but was conditioned upon the sale closing no later than June 1, 2011. However, after the Confirmation Hearing VVHA declined to close their acquisition of the Debtor's Assets. The Debtor then proceeded to take all necessary actions to close the sale of the Assets to VVHA. After the condition to closing the sale had been satisfied, VVHA still declined to close. The Debtor continued to negotiate with VVHA in an effort to get it to close the sale. When the Debtor concluded that further discussions with VVHA were fruitless it approached Prime regarding its continued interest in purchasing the Hospital and closing the sale on the basis of the back-up bid. As a result, the Debtor and Prime entered into an Asset Purchase Agreement (the "ASA") with Prime. The purchase price under the ASA is $35 million, as was the back-up bid. The anticipated closing of the sale is August 31, 2011 (the "Closing Date").

5. At a hearing on July 12, 2011, the Bankruptcy Court approved a sale of the Debtor's Assets to Prime. The AG is holding a public hearing on the sale on August 17, 2011, and should be able to provide its approval in time to allow the sale to close by the Closing Date. As a result of the sale to Prime rather than VVHA, the Debtor will need to modify the Plan. However, until the sale closes, it is unclear if such modification will have any material adverse affect on any creditor of the estate and, if not, the Plan can then be modified and as necessary, go effective pursuant to the conditions outlined in the Plan.

6. In light of the fact that the sale of the Hospital did not close by the May 31, 2011 deadline it delayed the ability of the Debtor to satisfy the conditions under the Plan for the Effective Date to occur. Moreover because the Closing Date is only days before the Effective Date Deadline and so as not to jeopardize implementation of the Plan as contemplated by the Debtor, the Debtor

seeks an extension of the Effective Date Deadline to November 7, 2011, which is 60 days after the current Effective Date Deadline.

7. Based upon the foregoing, I believe that cause exists to grant an extension of the Effective Date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of July, 2011, at Victorville, California.

_____
Edward T. Matthews

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document **NOTICE OF MOTION AND DEBTOR'S MOTION FOR ORDER EXTENDING THE EFFECTIVE DATE OF THE CONFIRMED SECOND AMENDED LIQUIDATING PLAN OF REORGANIZATION FOR VICTOR VALLEY COMMUNITY HOSPITAL (MAY 10, 2011), AS MODIFIED (ON MAY 26, 2011); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF EDWARD T. MATTHEWS IN SUPPORT HEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **July 26, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**By Overnight Mail**
Honorable Catherine Bauer
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365
Riverside, CA 92501-3819

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2011 | Sophia Margetis | /s/ Sophia Margetis |
|---|---|---|
| Date | Type Name | Signature |

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Martin R Barash on behalf of Interested Party The Senior Associates Group, Inc.
mbarash@ktbslaw.com

Kirk A Barber on behalf of Creditor Professional Hospital Supply, Inc.
barberlawgroup@yahoo.com

Manuel A Boigues on behalf of Creditor SEIU United Healthcare Workers - West
bankruptcycourtnotices@unioncounsel.net

Mark Bradshaw on behalf of Creditor Prime Healthcare Services Foundation, Inc.
mbradshaw@shbllp.com

Jeff Cohen on behalf of Interested Party Southpaw Asset Management LP
JC@SouthpawAsset.com

Sanaea Daruwalla on behalf of Attorney Burke, Williams, & Sorensen, LLP
sdaruwalla@bwslaw.com

Richard K Diamond (TR) on behalf of Creditor Committee Committee Of Creditors, Unsecured Claims
jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

Abram Feuerstein on behalf of U.S. Trustee United States Trustee (RS)
abram.s.feuerstein@usdoj.gov

H Alexander Fisch on behalf of Interested Party Victor Valley Acquisition, Inc.
afisch@stutman.com

Fredric Glass on behalf of Creditor Fair Harbor Capital, LLC
fglass@fairharborcapital.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Everett L Green on behalf of U.S. Trustee United States Trustee (RS)
everett.l.green@usdoj.gov

Robert A Hessling on behalf of Interested Party Courtesy NEF
rhessling@dgdk.com

Lawrence J Hilton on behalf of Creditor Cerner Corporation
lhilton@oneil-llp.com, ssimmons@oneil-llp.com

Mark D Houle on behalf of Creditor Health Net of California, Inc.
mark.houle@pillsburylaw.com

Raffi Khatchadourian on behalf of Creditor Sysco Food Services of Los Angeles, Inc.
raffi@hemar-rousso.com

Maya Krish on behalf of Creditor Fair Liquidity Partners, LLC
mkrish@cactuscollect.com

Mary D Lane on behalf of Debtor Victor Valley Community Hospital
mlane@pszjlaw.com

Ganna Liberchuk on behalf of Creditor Hain Capital Group, LLC

Michael B Lubic on behalf of Interested Party LabWest, Inc.
michael.lubic@klgates.com

Samuel R Maizel on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
smaizel@pszjlaw.com, smaizel@pszjlaw.com

Elmer D Martin on behalf of Interested Party Courtesy NEF
elmermartin@gmail.com

Scotta E McFarland on behalf of Debtor Victor Valley Community Hospital
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Robert K Minkoff on behalf of Creditor Jefferies Leveraged Credit Products, LLC
rminkoff@jefferies.com

Jane Odonnell on behalf of Creditor California Health Facilities Financing Authority
jane.odonnell@doj.ca.gov

Courtney E Pozmantier on behalf of Interested Party The Senior Associates Group, Inc.
cpozmantier@ktbslaw.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Steven J Schwartz on behalf of Attorney DANNING GILL DIAMOND & KOLLITZ, LLP
sschwartz@dgdk.com

David Scott on behalf of Creditor Centillion Investments LLC
centillion@centillioninvest.com

Seth B Shapiro on behalf of Interested Party Centers for Medicare and Medicaid Services
seth.shapiro@usdoj.gov

David P Tonner on behalf of Creditor Archon Bay Capital, LLC
operations@blueheroncapital.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

Michael H Weiss on behalf of Interested Party Choice Medical Group
mw@weissandspees.com, lm@weissandspees.com;jb@weissandspees.com

Andrew F Whatnall on behalf of Creditor DACA 2010L, LP
awhatnall@daca4.com

## II. SERVED BY U.S. MAIL:

Parties on attached service list.

Victor Valley Community Hospital
Chapter 11 Case No.: 6:10-bk-39537-CB
2002 Service List

**Debtor**
Victor Valley Community Hospital
Catherine M. Pelley
Chief Executive Officer
15248 Eleventh Street
Victorville, CA  92395

Board of Directors
Kathy Davis
Chair, Governing Board of Directors
17100 B Bear Valley Rd.
Box 357
Victorville, CA  92395

Charlie Slyngstad
Burke Williams and Sorenson, LLP
444 S. Flower St., Ste. 2400
Los Angeles, CA  90071

United States Trustee
Everett Green
Office of the United States Trustee
3685 Main St., Ste. 300
Riverside, CA  92501

Attorneys for Creditors' Committee
Richard K. Diamond
Steven Schwartz
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067

Committee Member
Medtronic USA, Inc.
MS V215
3850 Victoria Street North
Shoreview, MN  55126-2978
Representative: Steve Carlson

Committee Member
Rodney W. Brown, J.D.
LabWest, Inc.
1821 E. Dyer Rd., Suite 100
Santa Ana, CA 92705

**Government Agencies**

Counsel for the US DHHS/CMS
Phillip Seligman, Esq.
US Department of Justice
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, DC  20044-0875

Wendi A. Horwitz
Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring St., Suite 1702
Los Angeles, CA 90013

Office of Statewide Health Planning and Development
Cal-Mortgage Loan Insurance Division
400 "R" Street, Suite 470
Sacramento, CA 95811

California Health Facilities Financing Authority
915 Capitol Mall, Suite 590
Sacramento, CA 95814

## Secured Creditors

Gregg Buxton, Vice President
Desert Community Bank
a Division of East West Bank
14800 La Paz Drive
Victorville, CA 92395

Corwin Medical Group
Manmohan Nayyar, MD
Raman Poola, MD
Anna Sugi
18564 Hwy 18, Suite 110
Apple Valley, CA 92307

Manmohan Nayyar, MD
Physicians Hospital Management, LLC
18523 Corwin Rd., Suite H
Apple Valley, CA 92307

Attorneys for PHM
Michael S. Weiss, Esq.
Weiss & Spees
1925 Century Park East, Suite 650
Los Angeles, CA 90067-

BNY Mellon Trust Company NA
700 South Flower Street, Suite 500
Los Angeles, CA 90017
Attention: Aaron Masters

Counsel to the Indenture Trustee for the HFFA Bonds
Catherine D. Meyer
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406

## Interested Parties

Thomas L. Driscoll, Esq.
Attorney at Law
2002 3rd St Apt 114
San Francisco, CA 94107

Biotronik
Attention: Allen Trammell
6024 Jean Road
Lake Oswego, Oregon 97035

Delta One Partners, Inc.
Corporate Headquarters South
48550 North View Drive
Palm Desert, CA 92260

Attorneys for LabWest, a subsidiary of LabCorp.
Michael Benjamin Lubic
K&L Gates
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067

Law Offices of Leslie M. Lava
207 2nd St #A
Sausalito, CA 94965

Westhoff, Cone & Holmstedt:
500 Ygnacio Valley Road, Suite 380
Walnut Creek, CA 94596

Davis Wright Tremaine LLP
64 Oak Knoll Drive
San Anselmo, CA 94960

Daniel Settelmayer, Esq.
Latham & Watkins LLP
PO Box 894256
Los Angeles, CA 90189-4256

Stalking Horse Bidder
Prime Healthcare Services Foundation, Inc.
Attn: Lex Reddy
Chief Executive Officer
3300 East Guasti Road, 2nd Fl.
Ontario, CA 91761

Counsel for Prime Healthcare Services Foundation, Inc.
Lee Shulman
Mark Bradshaw
Shulman Hodges & Bastian LLP
26632 Towne Centre Drive, Ste. 300
Foothill Ranch, CA 92610

J. Raymond Elliott
President and Chief Executive Officer
Boston Scientific
re: Guidant Corporation
One Boston Scientific Place
Natick, MA 01760-1537

Johnson & Johnson Health Care Systems Inc.
425 Hoes Lane
Piscataway, NJ 08854

Radiometer America, Inc.
810 Sharon Drive
Westlake, OH 44145

Quadramed
Attention: Penny W. Collings
QuadraMed Corporation
12110 Sunset Hills Road # 600
Reston VA 20190

Stephen M. O'Hara
President and CEO
Angelica Textile Services (R-Colton
1105 Lakewood Parkway #210
Alpharetta, GA 30009

**Requests for Special Notice**

Attorneys for Cerner Corporation
Lawrence J. Hilton
O'Neil LLP
19900 MacArthur Boulevard; Suite 1050
Irvine, California 92612

Counsel for The Senior Associates Group
Klee, Tuchin, Bogdanoff & Stern LLP
Attn: Thomas E. Patterson, Esq. and
Martin R. Barash, Esq.
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049

Attorneys for Health Net
Mark D. Houle, Esq.
Pillsbury Winthrop Shaw Pittman LLP
650 Town Center Drive, Suite 700
Costa Mesa, California 92626-7122

Seth B. Shapiro, Trial Attorney
U.S. Department of Justice - Civil Division
Commercial Litigation Branch
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044

Victor Valley Hospital Real Estate, LLC
6800 Indiana Avenue, Suite 130
Riverside, CA 92506
Attention: William E. Thomas, Esq.

Tin Kin Lee on behalf of Creditor Inland
Empire Health Plan
Tin Kin Lee Law Offices
55 S Lake Ave Ste 705
Pasadena, CA 91101

Attorneys for Creditor OSHPD and the
CA Health Facilities and Financing Authority
Jane O'Donnell
Deputy Attorney General Dept of Justice
Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

DARRELL W. CLARK
Stinson Morrison Hecker LLP
1150 18th Street, NW; Suite 800
Washington, DC 20036-3816

Counsel for The Senior Associates Group
Michael C. Kelcy, Esq.
3605 Canon Blvd.
Altadena, CA 91001

Attorneys for County of San Bernardino
Martha E. Romero
Romero Law Firm
BMR Professional Building
6516 Bright Avenue
Whittier, CA 90601

Attorneys for Victor Valley Hospital Real Estate
LLC and Victory Valley Hospital Acquisition, Inc.
Gary E. Klausner
H. Alexander Fisch
Jeffrey A. Resler
Stutman, Treister & Glatt PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

Victor Valley Hospital Acquisition, Inc.
6800 Indiana Avenue, Suite 130
Riverside, CA 92506
Attention: William E. Thomas, Esq.

Tannor Partners Credit Fund II, LP
200 Business Park Drive, Suite 200
Armonk, NY 10504

Liquidity Solutions Inc
One University Plaza
Ste 312
Hackensack, NJ 07601

State Board Of Equalization
P O Box 942879
Sacramento, CA 94279-0055

<u>Attorney for Creditor, Peggy Buckley</u>
Michael Grennier
Law Offices of Steve Pell
2633 Loma Vista Road
Ventura, CA  93003-1548